IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHAKIA TURNER,

    Plaintiff,

v.

OFFICER ANDREW BRUCE and
OFFICER JIM MOROVIC,

    Defendants.

OPINION AND ORDER

17-cv-578-wmc

The court is in receipt of the briefing by the parties consistent with the court's directions at the final pretrial conference on January 25, 2019. The purpose of this opinion and order is to provide the court's ruling on defendants' assertions of qualified immunity. In addition, the court will circulate today revised jury instructions addressing the parties briefing on the definition of "reasonable suspicion." Finally, the court will briefly address the parties' dispute about the relevance of race or racial profiling in this case.

As to defendant Bruce's assertion of qualified immunity on plaintiff's claim of excessive force, defendants maintain that there is no preexisting, clearly established case law precluding an officer from using force, up to and including the use of handcuffs, provided reasonable suspicion existed to detain the plaintiff. (In contrast, defendant concedes that there was no basis for the use of force if no reasonable suspicion existed.) Defendants marshal an array of cases discussing the issue of excessive force generally, but fail to address the court's earlier finding that current case law does clearly limit use of force even after a lawful detention depending on the circumstances. Perhaps this explains why plaintiff ignored the court's request for additional case law and merely emphasized the specific factual circumstances and timing of the use of force here.

Ultimately, the application of the doctrine of qualified immunity will depend upon how closely the specific factual circumstances here compare to circumstances in earlier, controlling cases that found the use of force after a reasonable detention clearly excessive. Since the parties dispute what those facts are and, indeed, defendants failed to bring a motion for summary judgment to establish the undisputed facts before trial, the court has little choice but to reserve on defendant Bruce's assertion of qualified immunity until after the trial. Accordingly, the question of excessive force will remain a part of the special verdict on liability.

In contrast, the question of qualified immunity with respect to defendant Morovic is not a close one. The court directed plaintiff to provide *any* case law that would clearly establish an officer's obligation to determine independently whether reasonable suspicion existed for detention when only arriving on the scene after a fellow officer's determination of reasonable suspicion and detention of a suspect (or while a fellow officer is in the middle of making that determination), particularly when the entire detention lasted only a few minutes. Plaintiff was able to offer none, nor could the court find any. On this record, therefore, defendant Morovic is entitled to qualified immunity, and the remaining claim against him for unreasonable detention will be dismissed.

As for defendant's feigned surprise that "racial profiling" was part of plaintiff's theory of the case, the question of whether race and racial motivation prompted the detention here, and not an objective basis to find reasonable suspicion, has been a part of this case from the outset. The court agrees that the ultimate legal standard for the jury in this case will remain whether an objective officer would have found reasonable suspicion under the totality of the circumstances, but the court is not going to prevent plaintiff from

addressing the elephant in the room in arguing over what those circumstances actually were.

After providing both parties with revised jury instructions on the definition of reasonable suspicion, the court will address with the parties at 8:30 a.m. on Monday, February 4, 2019, whether any other language about the relevance of race should be presented to the jury.

ORDER

IT IS ORDERED THAT:

1. Defendants' assertion of qualified immunity is RESERVED as to defendant Bruce and GRANTED as to defendant Morovic.
2. The remaining claim against defendant Morovic for unreasonable detention is DISMISSED.

Entered this 1st day of February, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge